IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FOUNDERS INSURANCE COMPANY § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 4:15-CV-02866 |
| SANDRA SCOTT CHMIELEWSKI, both § | |
| Individually and D/B/A THE LIMELIGHT CLUB; § | |
| CLAUDE A. CHMIELEWSKI; RIGOBERTO § | |
| GARZA and ANGELICA GARZA, § | |
| both individually and on behalf of their Minor § | |
| Children, S. G., Da. G., and De. G. § | |

**PLAINTIFF FOUNDERS INSURANCE COMPANY'S COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff, Founders Insurance Company ("Founders") files its Complaint and Request for Declaratory Judgment against Defendants Sandra Scott Chmielewski and Claude A. Chmielewski, on behalf of themselves, individually, and, collectively, doing business as The Limelight Club (collectively "the Limelight Defendants"), and Rigoberto Garza and Angelica Garza, on behalf of themselves, individually, and, collectively, on behalf of their minor children, S. G., Da. G., and De. G. (collectively "the Garzas"), and would respectfully show the Court as follows:

**I.    STATEMENT OF THE CASE**

1.     Founders brings this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2.     "Plaintiffs' Second Amended Petition for Damages, Petition for Declaratory Judgment and Request for Disclosures," is the current pleading stating claims against the Limelight Defendants,

a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein as if copied herein verbatim.[1]

3.      Founders seeks a declaratory judgment that it has no duty to defend its insureds, the Limelight Defendants, in a lawsuit filed by the Garzas styled *Rigoberto Garza and his wife Angelica Garza, Individually and on behalf of their Minor Children S. G., Da. G., and De. G., Plaintiffs versus Limelight Club, Sandra Scott Chmielewski, and Claude A. Chmielewski, Defendants*, Cause No. 2014-42433, In the District Court of Harris County, Texas, 55th Judicial District ("Underlying Lawsuit").

4.      Founders also seeks a declaratory judgment that it has no duty to indemnify the Limelight Defendants for any damages the Limelight Defendants may become liable to pay as a result of any judgment rendered against them in the Underlying Lawsuit.

## II.     PARTIES

5.      Plaintiff Founders Insurance Company is an Illinois insurance company with its principal place of business in Des Plaines, Illinois.  Founders is authorized to conduct business in, and issues insurance policies in, the State of Texas.

6.      Defendant Sandra Scott Chmielewski is an individual resident of Harris County, Texas, who also does business in Harris County, Texas as The Limelight Club and may be served with process at her residence at 1722 W. Main Street, Baytown, Texas 77520, or wherever she may be found.

---

[1] While Exhibit A could arguably be considered "the record of a court or tribunal" for the purpose of the exemption contained in Fed. R. Civ. P. 5.2(b)(4) for the redaction requirement contained in Fed. R. Civ. P. 5.2(a)(3), Exhibit A could also be argued to not be a "record of a court or tribunal" to the extent it was created by the Garzas' counsel in the Underlying Lawsuit.  Therefore, out of an abundance of caution, Plaintiff has redacted the names of the minor children from Exhibit A, but will file any additional filings required by the Court to comply with its obligations under the Federal Rules of Civil Procedure.

7.     Defendant Claude A. Chmielewski is an individual resident of Harris County, Texas and may be served with process at his residence at 1722 W. Main Street, Baytown, Texas 77520, or wherever he may be found.

8.     Defendant Rigoberto Garza is an individual resident of Chambers County, Texas and may be served with process at his residence at 8221 Fisher Road, Beach City, Texas 77523, or wherever he may be found.

9.     Defendant Angelica Garza is an individual resident of Chambers County, Texas and may be served with process at her residence at 8221 Fisher Road, Beach City, Texas 77523, or wherever she may be found.

10.    Defendants S. G., Da. G., and De. G., are individual minor residents of Chambers County, Texas and may be served with process by serving one or both of their parents, Defendants Rigoberto or Angelica Garza, at their place of residence at 8221 Fisher Road, Beach City, Texas 77523, or wherever they may be found.[2]

### III.    JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1332(a), based on the diversity of citizenship of the parties. The amount in controversy exceeds $75,000, exclusive of interests and costs because the Garzas are seeking damages for at least $6,000,000.00 in the Underlying Lawsuit. See Ex. A at 18-19, ¶13.22 ("Plaintiff seeks recovery of … not less than FOUR MILLION DOLLARS ($4,000,000.00) … together with punitive damages of at least TWO MILLION DOLLARS ($2,000,000.00)").

---

[2] Pursuant to FED. R. CIV. P. 17(c)(1)(A), because Defendants S. G., Da. G., and De. G. lack capacity to be sued in their own right due to their minority they are being sued through their general guardians under Texas law, their parents. *See* TEX. FAM. CODE § 151.001(a)(4), (7) (West, Westlaw Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature).

12. The Court has personal jurisdiction over the Limelight Defendants because they are residents of Texas.

13. The Court has personal jurisdiction over the Garzas because they are residents of Texas.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because both the Limelight Defendants and the Garzas reside in this judicial district and of the State of Texas and because a substantial part of the events giving rise to the Garzas' claim against the Limelight Defendants occurred in this judicial district.

## IV.   FACTUAL BACKGROUND

15. Defendant Sandra Chmielewski, doing business as The Limelight Club originally purchased from Founders a Commercial Liquor Liability insurance policy with Policy No. ELTX100082. The policy was issued with effective dates from August 19, 2013 to August 19, 2014. For the purposes of this complaint for declaratory judgment Founders refers herein to the Commercial Liquor Liability policy as "the Policy" and attaches to this complaint a true and correct copy of the Policy as Exhibit "B," and incorporates the same herein as if copied verbatim.

16. On information and belief, on or about May 2, 2014, Defendant Rigoberto Garza was assaulted and battered in the parking lot of the Limelight Club by one or more assailants.

17. The Garzas filed the Underlying Lawsuit on or about July 24, 2014, seeking to recover from the Limelight Defendants for Rigoberto Garza's injuries and the related damages allegedly suffered by the other Garza defendants as a result of his injuries.

18. The damages the Garzas are seeking to recover for in the Underlying Lawsuit relate to and arise solely from the injuries sustained by Defendant Rigoberto Garza during the assault and battery referenced in paragraph 16 above.

19. In the Underlying Lawsuit, the Garzas allege that the Chmielewskis were both the owners and operators of the Limelight Club and that the Limelight Defendants are liable to them under what is essentially a premises liability claim that the Limelight Defendants were negligent in failing to provide adequate security to prevent or stop Rigoberto Garza's beating and other related complaints. *See generally* Ex. A.

20. The Garzas' attorney, Mr. Dennis Spurling, sent a letter dated November 14, 2014 to Founders' adjuster demanding that Founders pay the per person limits of the Policy to Rigoberto Garza in exchange for a release of all claims against the Limelight Defendants pursuant to the *Stowers* Doctrine. *See G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

21. At the time of Mr. Spurling's first *Stowers* demand letter, the Garzas' pleadings in the Underlying Lawsuit did not include any claim relating to the provision of alcoholic beverages.

22. Plaintiff responded to Mr. Spurling's settlement demand by a letter dated February 16, 2015, in which Plaintiff pointed out that, to invoke an insurer's *Stowers* duty, the claim against the insured must be within the Policy's coverage. *See, e.g.*, *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994). Plaintiff pointed out to Mr. Spurling that the Policy only provided liability coverage for the Limelight Defendants for the sale, service, or furnishing of alcoholic beverages, not for the premises liability claims being asserted by the Garzas. Plaintiff further pointed out that, in addition to stating a claim that was not within coverage, the Garzas' claim also fell under various exclusions, including an exclusion for assaults and batteries. Because the Garzas' claim was clearly not covered under the Policy, Mr. Spurling's settlement demand was rejected.

23. By letter dated April 19, 2015, Mr. Spurling made a second *Stowers* demand, again seeking the per person limit of the Policy to settle the Garzas' claims against the Limelight Defendants.

24. In responding to the second *Stowers* demand letter, Founders reviewed the filings in the district court in which the Underlying Lawsuit is pending and found that the Garzas filed their most recent amended pleading on April 20, 2015, the petition contained in Exhibit A, in which they have added a new claim against the Limelight Defendants, incorporating their prior factual pleadings, under the Texas Dram Shop Act, TEX. ALCO. BEV. CODE §§ 2.01 *et seq.*, for allegedly overserving two unidentified males. See Ex. A at 9-10, ¶¶11.1-11.5. The Garzas' new petition further alleges that the intoxication of the two unidentified males "proximately caused serious injuries to plaintiff making the (Limelight) Defendants responsible pursuant to Tex. Alco. Bev. Code Ann. § 2.02(b)." *Id.* at 10, ¶11.6.

25. Founders would show the Court that the Policy does not provide liability coverage for the claims being made by the Garzas against the Limelight Defendants in the Underlying Lawsuit; and the same reasons that negate a duty on the part of Founders to defend the Limelight Defendants likewise negate a duty on the part of Founders to indemnify the Limelight Defendants for any judgment that might be rendered against them in the Underlying Lawsuit. Therefore, Founders has reserved its rights to deny a defense and indemnity to the Limelight Defendants under the Policy and has filed this lawsuit seeking a judicial declaration that it is not obligated to defend the Limelight Defendants in the Underlying Lawsuit, or to indemnify them should a judgment be entered against them in the Underlying Lawsuit.

## V.   DECLARATORY RELIEF REQUESTED

26. Founders seeks a declaratory judgment under 28 U.S.C. § 2201 that:

1. Founders has no duty under the Policy to defend the Limelight Defendants in the Underlying Lawsuit; and

2. Founders has no duty under the Policy to indemnify the Limelight Defendants for the claims against them in the Underlying Lawsuit.

**THE INSURANCE POLICY**

27. Under the Policy, Founders agreed to defend its insureds against any lawsuit seeking to recover damages that fell within its coverage and indemnify them for any damages that an insured became legally obligated to pay. Specifically, the Policy provides:

**SECTION I -- LIQUOR LIABILITY COVERAGE**

a. <u>Insuring Agreement</u>
- We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed by reason of the selling, serving, or furnishing of any alcoholic beverage; and
- We will defend an "insured" against any "suit" seeking those damages.

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III). No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payment (Paragraph 3 below).

We have no duty to defend an "insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We have the right to investigate any "injury," control the defense of any claim or "suit" that may result, and settle any such claim or "suit." Our right and duty to defend ends when we have exhausted the applicable limit of insurance in the payment of damages.

Subject to Exclusions to Coverage (Paragraph 2 below), this insurance applies to "injury" only if the "injury" occurs as a direct result of an "insured" selling, serving, or furnishing alcoholic beverages on the "insured" premises during the policy period.

*See* Ex. B.

28.     The Policy also contains Exclusions to Coverage which further limit the Policy's coverage by removing from coverage certain claims that would otherwise fall within the Policy's coverage. As is relevant to this matter, the Exclusions to Coverage in the Policy provide:

> 2.      <u>Exclusions to Coverage</u>
> This insurance does not apply to:
>
> …
>
> e.      Other Acts
> "Injury" caused directly or indirectly by any act of an "insured," an "employee" of an "insured," or anyone acting on behalf of an "insured" other than the selling, serving, or furnishing of any alcoholic beverage.
>
> …
>
> h.      Punitive or Exemplary Damages
> Sums awarded as fines, penalties, punitive damages, exemplary damages, treble damages or any damages resulting from the multiplication of compensatory damages in whatever form assessed against an "insured" or an "insured's" indemnitees.  If a "suit" is brought against the insured seeking damages to which this insurance applies and punitive or exemplary damages, we will provide a defense to such "suit".  However, we will have no obligation to pay for any costs, interest, or judgment attributable to punitive or exemplary damages (as set forth in the preceding sentence). Provisions of this exclusion do not apply in any state where such exclusion is expressly prohibited by state law or insurance department regulation.
>
> …
>
> k.      Assault and/or Battery
> "Injury" arising from:
> (1) assault and/or battery committed by an "insured", any "employee" of an "insured", or any other person;
> (2) The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above;
> (3) The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or
> (4) The negligent:
>    (a) Employment;
>    (b) Investigation;
>    (c) Supervision;
>    (d) Reporting to the proper authorities, or failure to so report; or
>    (e) Retention

>by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(1) through k.(3) above.

*See* Ex. B

### THE GARZAS' CLAIMS

29. The Garzas have alleged that the Limelight Defendants engaged in numerous acts of negligence which essentially fall under the general theory of premises liability. Specifically, the Garzas have alleged that the Limelight Defendants:

(a) Failed to provide a safe and secure environment to Rigoberto Garza; Ex. A at 6, ¶5.3(1)

(b) Failed to have and implement proper management and security policies, devices, and procedures at the Limelight Club; Ex. A at 6, ¶5.3(2)

(c) Failed to secure and monitor the well-being of their patrons; Ex. A at 6, ¶5.3(3)

(d) Failed "to exclude unwanted third persons from the premises;" Ex. A at 6, ¶5.3(4)

(e) Violated their respective duties to inspect, warn, and/or make-safe the alleged dangerous condition of the Limelight Club's premises caused by the club's alleged "reputation for violence and hooliganism;" Ex. A. at 10-11, ¶¶12.1-12.7 (X. <u>SIXTH CLAIM FOR RELIEF PREMISES LIABILITY</u>") and

(f) Engaged in such allegedly negligent acts with malice and "a conscious indifference and disregard for the health, safety and welfare of Rigoberto Garza." Ex. A at 8, ¶7.2.

30.     In addition to their premises liability claims, the Garzas' most recent pleading alleges a claim under the Texas Dram Shop Act against the Limelight Defendants. Specifically, the Garzas allege:

### IX.
### FIFTH CLAIM FOR RELIEF
### DRAM SHOP

> 11.1    Plaintiff incorporates herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff Original Petition (sic).
>
> 11.2    In the alternative to other counts, The Limelight Club, was owned, operated and controlled by Defendants, and is a licensed "provider of alcoholic beverages as defined by Tex. Alco. Bev. Code Ann. § 2.01(1).
>
> 11.3    The Defendants served alcoholic beverages to two unidentified recipients who were present at their establishment.
>
> 11.4    The unidentified recipients were adult males.
>
> 11.5    When defendant (sic) provided the alcoholic beverage to the unidentified recipients, it was apparent to defendant (sic) that the recipients were obviously intoxicated and presented a clear danger to themselves and to others.
>
> 11.6    The recipients' intoxication proximately caused serious injuries to plaintiff making the Defendants responsible pursuant to Tex. Alco. Bev. Code Ann. § 2.02(b)
>
> 11.7    Plaintiff seeks damages within the jurisdictional limits of this court.

Ex. A at 9-10, ¶¶11.1-11.7 (grammar and punctuation same as original).

31.     As actual damages, the Garzas seek to recover for:

1. Severe physical and mental anguish, grief, and sorrow, past and future;
2. Loss of enjoyment of life
3. Loss of financial support;
4. Severe emotional and mental trauma;
5. Loss of consortium and familial relations;
6. Loss of companionship;
7. Pain and suffering, permanent disfigurement
8. Excessive incurring medical expenses;
9. Future medical expenses and treatment.

  10. Lost earnings and employment
  11. Loss of earning capacity.
  12. Disfigurement in the past and future resulting from additional surgical procedure (sic)
  13. Loss of household services in the past and future.
  14. Loss of Credit rating; through the unfair and unjust accrual of massive debt severely limiting purchase (sic) power

Ex. A at 16-17, ¶13.19(1) - (14) (spelling, grammar, and punctuation same as original).

32. The Garzas claim that their actual damages total "not less than FOUR MILLION DOLLARS ($4,000,000.00)." Ex. A at 18, ¶13.22.

33. The Garzas also seek to recover punitive damages of at least two million dollars ($2,000,000.00). *Id.* at 19, ¶13.22.

### THE GARZAS' NON-DRAM SHOP CLAIMS DO NOT FALL WITHIN THE POLICY'S COVERAGE BECAUSE THEY ARE UNRELATED TO THE SELLING, SERVING, OR FURNISHING OF ALCOHOLIC BEVERAGES

34. As noted above, the Garzas' non-Dram Shop Claims are premises liability claims that the Limelight Defendants were negligent in failing to make the Limelight Club a safe environment for its patrons because of the club's alleged reputation for violence and the presence of violent persons there. None of these premises liability claims assert that the Limelight Defendants are liable to the Garzas "by reason of the selling, servicing, or furnishing of any alcoholic beverage," nor do they allege facts showing that the damages sustained by the Garzas were "a direct result of an 'insured' selling, serving, or furnishing alcoholic beverages on the 'insured premises' during the policy period."

35. Because these allegations do not state claims within the coverage provided by the Policy, they do not invoke Founders' duty to defend and/or indemnify in the Underlying Lawsuit. *See, e.g.*, *National Union Fire Ins. Co. of Pittsburgh v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d

139, 141 (Tex. 1997) (per curiam) ("If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured.").

### ALL OF THE GARZAS' CLAIMS ARE EXCLUDED BY THE ASSAULT AND/OR BATTERY EXCLUSION IN THE POLICY

36. Even though the Garzas' premises liability claims do not fall within the coverage provided by the Policy, even if they did fall within coverage they would be excluded by the Assault and/or Battery Exclusion in the Policy.

37. The Garzas' Dram Shop claim is also excluded by the Assault and/or Battery Exclusion in the Policy.

38. The Garzas' pleadings make it clear that all of the damages they are seeking to recover for are related to and arise from the injuries sustained by Defendant Rigoberto Garza when he was assaulted and battered in the Limelight Club's parking lot, and such damages are clearly and unequivocally excluded from coverage under the Assault and/or Battery Exclusion of the Policy.

## VI. AUTHORITY FOR DECLARATORY RELIEF

39. This Court is authorized to grant declaratory relief pursuant to 28 U.S.C. § 2201.

40. All Defendants named herein are persons who have, or claim, an interest that would be affected by the declaration sought in this declaratory judgment action.

41. A declaratory judgment is necessary because uncertainty exists with respect to the rights, status, and legal relations between the parties hereto.

## VII. APPLICABLE LAW

42. In a federal lawsuit based on diversity jurisdiction, state substantive law controls the dispute. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938).

43. According to the Texas Supreme Court in *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 132-133 (Tex. 2010), Texas follows the "eight corners rule"

whereby the court determines an insurer's duty to defend an insured under a liability policy by assuming that the facts of the claim being alleged against the insured are true and then looking at the policy to see if the policy would cover such a claim; but does not look beyond the four corners of the plaintiff's petition against the insured, plus the four corners of the policy. *See also*, *Evanston Insurance Company v. Legacy of Life, Inc.*, 370 S.W.3d 377 (Tex. 2012) and *Ewin Construction Company, Inc. v. Amerisure Insurance Company*, 420 S.W.3d 30 (Tex. 2014).

44. "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *National Union*, 939 S.W.2d at 141. An insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy." *Id.* "If the underlying pleading alleges facts that may fall within the scope of coverage, the insurer has a duty to defend; if, on the other hand, the pleading only alleges facts excluded by the policy, there is no duty to defend." *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009) (applying Texas law).

45. According to the Texas Supreme Court, in *Farmers Texas County Mutual Insurance Company v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997), "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *See also*, *D.R. Horton-Texas, Ltd. v. Markel International Insurance Company, Ltd.*, 300 S.W.3d 740 (Tex. 2009).

46. For all of the reasons stated above, Founders seeks a declaration binding upon all Defendants herein that it owes no duty to defend or indemnify Defendants Sandra Scott Chmielewski or Claude A. Chmielewski, either on behalf of themselves, individually, or doing

business as The Limelight Club, against the claims asserted against them by the Garzas in the Underlying Lawsuit.

## VIII.   PRAYER

47.   FOR THESE REASONS, Plaintiff Founders Insurance Company request that, after a trial on the merits, it recover the following:

1.   a declaratory judgment under 28 U.S.C. § 2201 that:

   a.   Founders Insurance Company has no duty under the Policy to defend the Limelight Defendants in the Underlying Lawsuit;

   b.   Founders Insurance Company has no duty to indemnify the Limelight Defendants for the claims asserted against them in the Underlying Lawsuit; and

2.   all other relief to which it may be justly entitled.

Respectfully submitted,

GREER, SCOTT & SHROPSHIRE, L.L.P.

*/s/ James R. Scott*
JAMES R. SCOTT
Attorney-In-Charge
State Bar No. 17900700
Federal Bar No. 1668
6363 Woodway Drive, Suite 810
Houston, Texas 77057
jscott@greerscottlaw.com
Telephone:   (713) 223-0175
Facsimile:   (713) 223-0174

ATTORNEYS FOR PLAINTIFF, FOUNDERS INSURANCE COMPANY