## CAUSE NO.2014- 42433

**IN THE DISTRICT COURT**

**HARRIS COUNTY, TEXAS**

**55TH JUDICIAL DISTRICT**

RIGOBERTO GARZA AND HIS WIFE ANGELICA GARZA, INDIVIDUALLY AND ON
BEHALF THEIR MINOR CHILDREN S█████ G█████, DA█████ G█████, AND DE█████
G█████, PLAINTIFFS

VERSUS

LIMELIGHT CLUB, SANDRA SCOTT CHMIELEWSKI, AND CLAUDE A.
CHMIELEWSKI, DEFENDANTS

**PLAINTIFFS' SECOND AMENDED PETITION FOR DAMAGES,
PETITION FOR DECLARATORY JUDGMENT AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rigoberto Garza and his wife Angelica Garza, individually and on behalf
of their minor children S████ G████, Da████ G████, and De████ G████, Plaintiffs, complaining of
Limelight Club, Sandra Scott Chmielewski, and Claude A. Chmielewski, hereinafter referred to
as Defendants, and for causes of action against said Defendants, would respectfully present unto
the Court and Jury as follows:

## I.

## DISCOVERY

Plaintiffs' intend for discovery to be conducted under Level 3 of the Texas Rules of Civil
Procedure and alternatively per rule 47 as amended of the Texas Rules of Civil Procedure when
the damages exceed $1,000,000.00 dollars as in the case at bar or as this court so orders.

Certified Document Number: 65085463 - Page 1 of 21

EXHIBIT
A

## II.

## PARTIES

2.1     Plaintiffs, Rigoberto Garza, Angelica Garza, minor S███ G███, minor Da███ G███, and minor De██ G███ are domiciled in Baytown, Harris County, Texas.

2.2     Defendant, LIMELIGHT BAR located at 4720 Highway 146, Baytown, Texas 77521., may be served with citation by delivering a copy of same to its owners Sandra Scott Chmielewski and Claude A. Chmielewski's residence at 1722 W Main Street, Baytown, Texas 77520.

2.3     SANDRA SCOTT CHMIELEWSKI may be served at her residence located at 1722 W Main Street, Baytown, Texas 77520.

2.4     CLAUDE A. CHMIELEWSKI may be served at his residence located at 1722 W Main Street, Baytown, Texas 77520.

2.5.    All of the defendants are hereinafter sometimes collectively referred to as "Defendants" individually otherwise noted.

## III.

## JURISDICTION AND VENUE

3.1     This Court possesses jurisdiction of the causes of action asserted herein, in that the Plaintiff damages, exclusive of interest and costs, exceed the minimum jurisdictional limits of this Court.

Certified Document Number: 65085463 - Page 2 of 21

3.2     Venue is proper as to Harris County, Texas pursuant to § 15.001, et seq., of the Texas Civil Practice and Remedies Code, in that the causes of action asserted herein, as well as the predicate facts therefor, accrued in Houston, Harris County, Texas. Also, Defendants Sandra Scott Chmielewski, and Claude A. Chmielewski owners of Limelight Club, operate a retail business establishment that serves alcoholic drinks which is located in and operate the relevant business in Houston, Harris County, Texas.

## IV.

## STATEMENT OF FACTS

4.1     The instant action was necessitated by the brutal attack of Rigoberto Garza, while he was on the premises of Limelight Club owned, controlled, and/or managed by Defendants, known as Sandra Scott Chmielewski and Claude A. Chmielewski.

4.2      On or about May 2, 2014, Rigoberto Garza and two friends were lawful invitees of Limelight Club a business and premises owned, controlled, and/or managed by the named Defendants.

4.3     While inside the premises, an argument occurred between an unknown assailant and one of Plaintiff Rigoberto Garza's friends.

4.4.     With no security present in or around the premises to protect the safety and well-being of the invitees and patrons Plaintiff Rigoberto Garza was forced to break up the argument.

4.5     Plaintiff, Rigoberto Garza talked his friend and the unknown assailants into ending the argument.

Certified Document Number: 65085463 - Page 3 of 21

4.6     After the argument subsided, Plaintiff, Rigoberto Garza determined that leaving the Limelight Club would the most prudent and safe course of action to avoid any further altercations.

4.7     Plaintiff, Rigoberto Garza and his two friends exited the premises into the adjoining parking light which was under the care custody and control of the Defendants.

4.8.    Plaintiff, Rigoberto Garza and his two friends began walking towards their vehicles parked in the Limelight Club parking lot.

4.9.    At this time the unknown assailants operating a red pick-up truck entered the parking lot in a wreck-less and imprudent manner. The two unknown assailants then hastily exited the vehicle and began attacking Plaintiff, Rigoberto Garza's friend with crowbars and baseball bats.

4.10    Acting as a good Samaritan and with no security on the premises, Plaintiff Rigoberto Garza attempted to intervene and break up the violent attack being perpetrated on his friend by the unknown assailants.

4.11    Plaintiff, Rigoberto Garza, ran to his friend's aid allowing his friend time to escape at which time the unknown assailants turned and attacked him using the crowbar or tire iron and baseball bat.

4.12.   Plaintiff, Rigoberto Garza was helpless to defend himself and was beaten severely and left nearly dead by the brutal attack.

4.13    Plaintiff, Rigoberto Garza unresponsive and clinging to his life was Life Flighted to Memorial Hermann Medical Center and immediately put on a table in the operating room.

4.14    The Unknown assailants smashed Plaintiff, Rigoberto Garza's skull into small fragments causing him severe brain damage, and to suffer severe permanent physical, mental, and emotional damage.

4.15    Violent incidents have previously taken place at the Limelight Club and this bar has developed a reputation in the community as a place where ruffians and hooligans congregate.

4.16    The named Defendants herein who had care custody and control of the premises knew or should have known of the reputation Club Limelight but failed to hire trained security personnel.

4.17    Defendants failed to provide adequate security to exclude unwanted individuals, though Defendants had either been aware of same or should have been aware of same, in view of the criminal activity on and around the premises. Defendants failed to maintain and/or provide adequate security on the premises, and as such, failed to discharge their duty to protect Rigoberto Garza, which proximately resulted in his brutal attack, and the damages sought herein.

4.18    Rigoberto Garza required extensive surgical treatment and suffers paralysis as a result of the injuries he sustained in the incident made basis of this law suit and will need life-long medical care for his injuries.

## V.

## FIRST CLAIM FOR RELIEF

## NEGLIGENCE

5.1    Plaintiff incorporates herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff Original Petition.

5.2.    All of the aforementioned defendants are jointly, severally and in solido liable

Certified Document Number: 65085463 - Page 5 of 21

unto petitioner for a reasonable sum in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings for the following reasons to wit:

5.3     During the times relevant hereto, each Defendant, jointly and/or severally, was guilty of negligence through the breach of their duties of care owed to Plaintiff, Rigoberto Garza. Defendants owned, possessed, managed and/or controlled the subject premises and/or relevant portions thereof at all times pertinent hereto. Plaintiffs alleges negligence on the part of Defendants, through their employees, managers, owners, security agents (if any), representatives, and/or vice-principals which negligence includes, inter alia,

(1) the failure of said Defendants to provide a safe and secure environment,

2) failure to establish, implement and/or to follow proper management and/or security policies, devices and/or procedures on the premises,

(3) failure to properly secure and monitor the well-being of its invitees and

(4) failure to exclude unwanted third persons from the premises. Each of the above acts and/or omissions, taken together or individually, constitute negligence. Said negligence was the proximate cause of the tragic incident in question and the damages sustained for which Plaintiffs seek recovery.

5.4     Defendants failed to properly exercise the duties of care they owed, jointly and/ or severally, under law, which they should have exercised as reasonable and prudent owners/operators under the same or similar circumstances as existed in connection herewith.

Certified Document Number: 65085463 - Page 6 of 21

5.5     Each and all of the foregoing acts, both of omission and commission, are negligent in that each breached the duty of care owned by Defendants, jointly and/or severally, in connection with a standard of care that should have been exercised by a reasonable and prudent person under the same or similar circumstances. Furthermore, each and all of such acts were the proximate cause of injuries sustained for which Plaintiff seeks recovery herein.

5.6     Rigoberto Garza has experienced severe and life threatening injuries to his person, nearly resulting in death. Rigoberto Garza has suffered both mentally and physically as a result of his comprehensive injuries. His injuries also prevent him from legitimate life pursuits and from being able to support his young family financially and morally. Plaintiffs sue Defendants herein for the actual damages incurred in connection herein.

5.7     The evidence will further show that Defendants by and through their agents, servants, representatives and/or employees, acting within the course and scope of their employment, were guilty of various other acts, wrongs and omissions which constitute negligence and/or gross negligence on the part of Defendants, and which proximately caused the incident made the basis of this lawsuit and resulted in the injuries and damages sustained for which Plaintiff seeks recovery.

5.8     Each of the foregoing acts or omissions, perpetrated either in whole or in part by Defendants, was a proximate cause of the incident made the basis of this lawsuit, and of the resulting injuries and damages for which Plaintiffs sue.

.

Certified Document Number: 65085463 - Page 7 of 21

## VI.

## SECOND CLAIM FOR RELIEF

## MALICE

7.1     Plaintiffs incorporates, herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff's Original Petition.

7.2     Further, Plaintiffs state that Defendants acted with a conscious indifference and disregard of the health, safety and welfare of Rigoberto Garza for which Defendants are liable to Plaintiffs for exemplary and/or punitive damages, in whatever amount the jury shall find, but in the minimum amount of $1,000,000.00.

## VII.

## THIRD CLAIM FOR RELIEF

## BRUTAL ATTACK

8.1     Plaintiffs incorporates herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff Original Petition.

8.2     Plaintiff avers that Defendants, jointly and/or severally, committed several wrongful acts, among them, negligence and carelessness. These wrongful acts were the proximate cause of the brutal beating of Rigoberto Garza. Plaintiff alleges that as a result of the actions and/or omissions of Defendants, Plaintiffs have suffered damages which far exceed the minimum jurisdiction of this Court and include but are not limited to, loss of financial support, loss of society, severe mental anguish, grief, sorrow, loss of enjoyment of life, loss of being the

Certified Document Number: 65085463 - Page 8 of 21

husband and father he once was, and severe emotional and mental trauma. Plaintiff seeks to recover of, from and against Defendants, jointly and/or severally, damages therefore in an amount to be determined by the Jury, but which is alleged to be no less than $3,000,000.00.

## VIII.

## FOURTH CLAIM FOR RELIEF

## PHYSICAL AND MENTAL ANGUISH

10.1     Plaintiff incorporates, herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff Original Petition.

10.2     Rigoberto Garza suffered severe mental anguish and physical pain with the conscious realization of his life threatening injuries. He is currently suffering severe physical and mental anguish, pain and suffering and emotional distress, and the realization of not being able to cater to his family as a husband and father. Plaintiff claim damages therefore, which far exceed the jurisdictional limits of this Court, but which are alleged to be not less than $3,000,000.00.

## IX.

## FIFTH CLAIM FOR RELIEF

## DRAM SHOP

11.1     Plaintiff incorporates herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff Original Petition.

Certified Document Number: 65085463 - Page 9 of 21

11.2   In the alternative to other counts, The Limelight Club, was owned, operated and controlled by the Defendants, and is a licensed "provider" of alcoholic beverages as defined by Tex. Alco. Bev. Code Ann. § 2.01(1).

11.3   The Defendants served alcoholic beverages to two unidentified recipients who were present at their establishment.

11.4   The unidentified recipients were adult males.

11.5   When defendant provided the alcoholic beverage to the unidentified recipients, it was apparent to defendant that the recipients were obviously intoxicated and presented a clear danger to themselves and to others.

11.6   The recipients' intoxication proximately caused serious injuries to plaintiff making the Defendants responsible pursuant to Tex. Alco. Bev. Code Ann. § 2.02(b)

11.7   Plaintiff seeks damages within the jurisdictional limits of this court.

## X.

## SIXTH CLAIM FOR RELIEF

## PREMISES LIABILITY

12.1   Plaintiff incorporates herein by reference, the same as though recited verbatim, all the aforementioned Paragraphs of Plaintiff Original Petition.

12.2   In the alternative to other counts, the Defendants are the owners and possessors of the Limelight Club premises at 4720 Highway 146 Baytown, Texas 77521. Plaintiff entered defendant's premises in response to defendant's invitation and for their mutual benefit.

12.3     A condition on Defendant's premises posed an unreasonable risk of harm.

12.4     Defendant knew or reasonably should have known of the dangerous conditions of the premises that posed an unreasonable risk of harm. The Limelight Club had a reputation for violence and hooliganism, and had endured many 911 calls in response to violence on its premises.

12.5     Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by failing to take steps to make the premises safe, including but not limited to, having adequate security personnel at its location to protect its patrons from violence and harm.

12.6     Defendant's breach of duty proximately caused the serious injuries sustained by the plaintiff.

12.7     Plaintiff seeks damages within the jurisdictional limits of this Court.

## XI.

## DAMAGES

13.1     Plaintiffs incorporates, herein by reference, the same as though recited verbatim all of the aforementioned Paragraphs and adds the following:

13.2    Rigoberto Garza has fallen into a lowly state resulting from the physical and emotional abuse arising during and after the horrendous assault he suffered. He is in tremendous pain and it is difficult to differentiate or bear. Accustomed to being strong for his family, it is hard for him to admit that he constantly suffering from excruciating pain.

13.3    Used to being a provider and a protector he is consumed by thoughts of no longer being able to provide for his loving wife, and his three beautiful children. Left in such poor health because of the attack, he wonders if he will live to see his daughters graduate, or be able to walk each of them down the aisle or celebrate his wedding anniversary.

13.4    He is left wondering how he will ever be able to pay the extensive medical bills that are constantly accruing as a result of his continued medical treatment. Where he was once able to provide and care for his wife and family, he is now a financial burden, a burden which rests squarely on the shoulders of his wife. She has been catapulted into the position as primary bread-winner in a blind-siding manner, forcing her to become the leader of the house. He can only sit and watch as his loving wife is burdened with worry and defeat; left to watch over the young children and provide for her permanently disabled and mentally impaired husband. Along with being sole emotional support, she is managing the household and trying to provide income for the family's necessities.

13.5    Plaintiff, Rigoberto Garza, questions but has not yet decided whether he does or does not regret the valiant and brave decision to protect his friend and thus take his place after the unknown assailants began to attack him. He understands that he did the right thing but regrets only that he was left in such a deplorable condition. He also regrets the invitation to go to the

Certified Document Number: 65085463 - Page 12 of 21

Defendant, Limelight Club which has a reputation in the community as a place where violent altercations and incidents occurred.

13.6    Plaintiff, Rigoberto Garza, does not sleep easy and there is no more peace that comes from the knowledge and ability of self-reliance. A once strong independent man is now helpless, forced to rely on the assistance of wife and daughters to perform even the most basic human functions like eating, brushing his teeth, cleaning himself, walking and going to the restroom. His life and his family's lives have been thrown into the wild winds of a storm leaving him, his mind, and body in shambles.

13.7    Plaintiff's, Angelica Garza, life is in turmoil. She closes her eyes and envisions what in life she loves the most, what makes her happy, and what she knows she cannot live without.   It is this the love, support, and assistance of her once strong, confident, and independent husband and their family life that has enriched her life and made it joyful. This the one thing that has now been snatched away from her in an instant, leaving her not knowing whether she will ever have the man she married back.

13.8    Plaintiff, Angelica Garza, understands that her husband was attacked and left for dead on the cold, hard, unforgiving concrete in the Defendant, Limelight Club's parking lot where so many other violent incidents have occurred against other invitees. Seeing her husband unconscious with his skull cracked opened from being bludgeoned was the worst pain she had ever endured magnified by the fact that the incident and ones like it could have been prevented had the Defendant, Limelight Club and it's owners hired security to protect patrons as they walked to their cars in the parking lot.

Certified Document Number: 65085463 - Page 13 of 21

13

13.9 Plaintiff, Angelica Garza looking at her husband was forced to stare death in the face and asked herself whether fate would allow her husband to continue living because he tried to do the right thing by helping a friend in dire need. It was painful and traumatizing to see her once cheerful, strong, loving husband lying there helpless fighting for his life.

13.10 Plaintiffs, Angelica and Rigoberto Garza, both agree that the most important thing to them in life is their children. Their children, so used to seeing their father laughing, joking, playful, now unable to smile, speak of even open his eyes. Their father, Rigoberto is disabled indefinitely, and needs full time assistance. As their mother, she wonders how this tragic event will affect the children's home life, school life, and future relationships. Plaintiff, Angelica Garza is perplexed as to how she will continue to care for them, provide for them, on one income and who will protect them from danger. She is now forced to rely on friends and family members to care for her husband and children while she is away at work.

13.11 Plaintiff, Angelica Garza feels guilty and inadequate as a parent for asking her young daughters to help with housework and in the taking care of their father. They are young and innocent and should not be obligated with the burden unknown attackers placed on their family when they crippled her husband. She wants them to live a normal life, but the truth be told their life will never be as it once was ever again.

13.12 Plaintiffs' S███, De█, and Da███ are children, and as children they are resilient. Still, they find it hard to concentrate at school because they stay up late at night worrying about the life of their father, wondering if he will live through the night. They love their father and want never to leave his side.

Certified Document Number: 65085463 - Page 14 of 21

13.13.  The teachers at their respective schools are of course remorseful and sympathetic toward the children about the incident, but still require the girls to concentrate in school which is a nearly impossible task due to the fact that do not know what the future holds for their close-knit family.  As expected, it is hard for the children to focus on schoolwork as concerned as they are about their father and his lack of ability to be the father he once was to them.

13.14.  Plaintiffs' S███, De█, Da███ find the other children and peers to be for the most part consoling and offering of  kind words. This too only serves as a constant reminder to them of the unfortunate and preventable tragic incident that occurred. Like most young children, they saw their father as a superman and thought of him as strong and invincible. Forced to grow up, they now realize that if someone could so harm him to the point that he is helpless that the same thing could happen each of them or their mother; further perpetuating their fear and vulnerability prompted by what their father suffered on the night he was attacked.

13.15  Plaintiffs' S███, De█, Da███ have experienced a whole host of human emotions at the loss of the father they once knew. They are angry at what happened and left wondering if this happened because of something they did. Being a close family, it is difficult watching each member of their family endure this hardship.  They all try to help their mother and try to be the strong for each other as their father would want them to be.  By keeping the house clean, cooking, or anything that will ease their mother's burden, they have been forced to mature beyond their years.

13.16.  Plaintiffs' S███, De█, Da███ love their father but are forced to confront the fact that the incident which left their father permanently disabled and mentally impaired has left their family with a heavy burden to bear. They, along with their mother are thankful for the life

15

of their father. Although they are regretful of the hardship that their family has been forced to go endure, they are grateful because the outcome could have been much worse. They understood that their father would not live forever, but like most children, assumed he would be around and strong for many years. Now, in his present condition they are not sure how long he will continue to fight for his life

13.17 They are also concerned that the added burden on their mother forced to hold the family together will create on her an undue strain. This leaves the innocent children to wonder how long their overburdened mother and their disabled father can endure this largely preventable hardship; and the uncertainty of where their family will be next year or will they ever recover from this traumatic event.

13.18 Plaintiffs' S████, De██, Da███ realize that others do not value life as their parents taught them. Plaintiffs' S████, De██, Da███ recognize that their father's unknown attackers left their father Plaintiff, Rigoberto Garza there lifeless and as though he had no family, wife, children, mother, brother, sisters, as though no one cared for him at all. While the Defendants' Limelight Club, Sandra Scott Chmielewski, Claude A. Chmielewski with full knowledge of how dangerous their establishment had become refused to hire security to police the business leaving patrons to enter and leave at their own peril and to provide security for themselves.

13.19 As a proximate cause of defendant's negligence, plaintiff suffered severe life changing injuries including brain damage and paralysis. Moreover Rigoberto Garza, his wife Angelica Garza, individually and on behalf of their minor children S███ G███, Da███ G███, and De██ G███, Plaintiffs, have a loss of consortium claim because their father and husband is

16

permanently wheel-chair bound and paralyzed from the neck down, permanently disfigured, and forever unable to fulfill his role as spouse and father. As a result of plaintiff's injuries, plaintiffs suffered the following damages:

1.  Severe physical and mental anguish, grief, sorrow, past and future;

2.  Loss of enjoyment of life

3.  Loss of financial support;

4.  Severe emotional and mental trauma;

5.  Loss of consortium and familial relations;

6.  Loss of companionship;

7.  Pain and suffering, permanent disfigurement

8.  Excessive incurring medical expenses;

9.  Future medical expenses and treatment.

10. Lost earnings and employment

11. Loss of earning capacity.

12. Disfigurement in the past and future resulting from additional surgical procedure

13. Loss of household services in the past and future.

14. Loss of Credit rating; through the unfair and unjust accrual of massive debt severely limiting purchase power

Certified Document Number: 65085463 - Page 17 of 21

[OR]

13.20   As a further result of all the above and foregoing, Plaintiff has incurred medical expenses.   These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of and for personal pain and suffering. The Defendants are obligated to pay those charges which are deemed reasonable, and they were the usual and customary charges made for such services in the county where the Texas Medical care provider is located.

13.21   As required by Rule 47 of the Texas Rules of Civil Procedure the Plaintiff States the following and that the damages do not exceed the jurisdictional limits of the this District court which is unlimited;   And that this party seeks:(1) monetary relief in excess of $1,000,000 for damages of any kind and (2) a demand for judgment for all the other relief to which the plaintiffs deem themselves entitled.

13.22   Although the amount of damages sustained is a matter for the trier of fact to decide from the evidence adduced at the trial of this cause, Plaintiff asserts that such acts, omissions and/or commissions of Defendants, jointly and/or severally, have caused actual damages in an amount far in excess of the minimum jurisdictional limits of this Court, but in the amount of at least FOUR MILLION DOLLARS ($4,000,000.00), for which Plaintiff seeks recovery herein. For the damages available under the laws of the State of Texas, Plaintiff seeks recovery of, from, and against Defendants, jointly and/or severally, an amount in excess of the minimum jurisdictional limits of this Court, but not less than FOUR MILLION DOLLARS ($4,000,000.00), or such herein or greater sum as may be determined by the Jury, together with

Certified Document Number: 65085463 - Page 18 of 21

punitive damages of at least TWO MILLION DOLLARS ($2,000,000.00) together with all costs of court, prejudgment interest and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Rigoberto Garza and his wife Angelica Garza, individually and on behalf of their minor children S███ G███, Da██ G███, and De██ G███ pray that the Defendants Limelight Club, Sandra Scott Chmielewski, and Claude A. Chmielewski, be cited to appear according to law and caused to answer herein, and that upon a final trial of this cause, Plaintiffs Rigoberto Garza and his wife Angelica Garza, individually and on behalf of their minor children S███ G███, Da██ G███, and De██ G███ have Judgment and recover of, from and against this Defendants, Limelight Club, Sandra Scott Chmielewski, and Claude A. Chmielewski, jointly and/or severally, for the actual damages as alleged herein, in an amount in excess of the minimum jurisdictional limits of this Court, but not less than $4,000,000.00; together with punitive and/or exemplary damages of at least $2,000,000.00; together with pre-judgment interest and post-judgment interest; costs of court, together with such other and further relief, general and special, whether at law or in equity, to which Plaintiffs Rigoberto Garza and his wife Angelica Garza, individually and on behalf of their minor children S███ G███, Da██ G███, and De██ G███ may, by this pleading or amendment hereto, show herself justly entitled.

Certified Document Number: 65085463 - Page 19 of 21

Respectfully submitted,

**DENNIS D. SPURLING** *PLLC*
**ATTORNEY AT LAW & Friends**

*/s/Dennis D. Spurling*

_____

DENNIS D. SPURLING
Texas State Bar No.: 24053909
J.P. Morgan Chase Building
3003 S. Loop West, Suite 400
Houston, Texas 77054
Tel.: (713) 229-0770
Fax: (713) 229-8444
**Attorney for Plaintiffs**

Warnings:　　ALL INSURANCE POLICIES REQUIRE THAT YOU DELIVER THIS DOCUMENT TO YOUR INSURER OR THE INSURANCE COMPANY INSURING THE VEHICLE YOU WERE DRIVING BEFORE THEY ARE REQUIRED TO COME TO YOUR DEFENSE. YOU ARE REQUIRED, EVEN IF YOU DO NOT HAVE AN ATTORNEY, TO SEND YOUR DISCOVERY RESPONSES TO ATTORNEY DENNIS D. SPURLING, 3003 SOUTH LOOP WEST SUITE 400 BY CERTIFIED MAIL OR FAX TO (713)229-8444. FAILURE TO DO SO MAY HAVE SEVERE CONSEQUENCES. SEE COURT RULE FOR DETAILS.DISCOVERY

<u>Requests for Disclosure</u>

**Texas Rules of Civil Procedure, Rule 194 requires that you disclose the information or material described in Rule 194.2 within 50 days from receiving this request.**

Certified Document Number: 65085463 - Page 20 of 21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Second Amended Petition for Damages, Petition for Declaratory Judgment and Request for disclosures was served upon the following counsel of record via facsimile on April 20th 2015.


Russell J. Bowman
800 West Airport Freeway, Suite 860
Irving, TX 75062
Phone (214) 922-0220
Fax (214) 922-0225
Email: russelljbowman@sbcglobal.net


Geoff A. Gannaway
Michelle E. Gray
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Phone: (713) 951-3700
Fax:(713) 951-3720

Certified Document Number: 65085463 - Page 21 of 21



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 30, 2015

Certified Document Number:        65085463 Total Pages:  21

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**